**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EUGENE KIRK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1834-JD** |
| | ) | |
| **KELLY DAVIS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Eugene Kirk, an Oklahoma state prisoner appearing pro se[1], brings this action under 28 U.S.C. § 2241 seeking habeas corpus relief from his state court convictions and sentences. *See* Doc. 1.[2] United States District Judge Jodi W. Dishman has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Having reviewed the petition, the undersigned recommends the Court dismiss the petition.

[1] The Court construes a pro se litigant's pleadings liberally but will not act as his advocate or create arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. Background.

In 2001, Petitioner was convicted in Oklahoma County District Court of first-degree murder, domestic abuse, and assault with a dangerous weapon. *State of Oklahoma v. Eugene Kirk*, Case No. CF-2000-585, https://www.oscn.net/dockets/GetCaseInformation.aspx?ct=Oklahoma&number=CF-2000-585 (last accessed August 31, 2026).[3] Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA), which reversed his conviction for domestic abuse and affirmed the remaining counts of conviction. *Id.*

On July 24, 2003, Petitioner filed a petition for habeas corpus under 28 U.S.C. § 2254 in this court, challenging the sufficiency of the evidence in his state court trial and alleging prosecutorial misconduct, cumulative error, improper admission of "other crimes" evidence, and error in jury instructions. *Kirk v. Hines*, Case No. 03-CIV-997-M, ECF No. 1 (W.D. Okla. Jul. 24, 2003) ("*Kirk I*"). This Court denied the petition. ECF No. 18. Petitioner appealed, and the Tenth Circuit affirmed, holding that Petitioner had not "made a substantial showing of the denial of a constitutional right." *Kirk v. Hines*, 118 F. App'x 431 (10th Cir. 2004) (citing 28 U.S.C. § 2253(c)(2)). Petitioner filed a

---

[3] The Court takes judicial notice of Petitioner's state court criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

petition for a writ of certiorari in the United States Supreme Court, but his petition was denied. *Kirk v. Hines*, 546 U.S. 832 (2005).

Nearly ten years later, Petitioner filed a motion for permission to file a second or successive habeas petition with the Tenth Circuit. *In re Eugene Kirk*, Case No. 14-6089 (10th Cir. Apr. 30, 2014). The court denied the motion, finding that his new claim of ineffective assistance of counsel did not meet the requirements of 28 U.S.C. § 2244(b)(2). *Id.*

In 2025, Petitioner filed a petition for a writ of mandamus in the OCCA, seeking to overturn his 2001 convictions on the grounds that "the Oklahoma state court lacked all jurisdiction over an Indian in Indian Country." *Kirk v. Oklahoma*, Case No. MA-2025-356, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2025-356&cmid=140017 (last accessed August 31, 2026). The OCCA denied the writ, noting that "Petitioner [] failed to give adequate notice to the proper party." *Id.* Petitioner then filed a second mandamus petition raising the same grounds; the OCCA again denied the motion because Petitioner's pleading did "not contain a copy of a trial court order or records sufficient to prove he was denied relief in the dist[rict] court." *Kirk v. Okla. Cnty Dist. Ct.*, Case No. MA-2025-547, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2025-547&cmid=140470 (last accessed August 31, 2026).

## II. Screening.

This Court must review a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts[4]; *see also Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (holding a federal court possesses "the discretion either to dismiss the 28 U.S.C. § 2241 petition if it appear[s] that the petitioner was not entitled to relief or to order the respondent to file a response"). Likewise, courts are obligated to examine their jurisdiction sua sponte and dismiss any action where subject-matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006); *see also Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006).

### A. Petitioner may not challenge the fact of his conviction and sentence through a § 2241 petition.

A § 2241 petition is "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Petitions under § 2241 are used to attack the execution of a sentence in contrast to § 2254 habeas . . . proceedings, which

---

[4] The Court may apply the Rules Governing § 2254 Cases to habeas petitions arising under § 2241. *See* Rule 1(b); *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) as holding that: "The District Court . . . acted within its discretion by applying the Section 2254 Rules to this § 2241 petition.").

are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (internal citations omitted).

Petitioner alleges no facts challenging the execution of his sentence. Rather, he challenges the validity of his underlying 2001 Oklahoma County convictions. *See* Doc. 1, at 2, 6 (challenging "Oklahoma's lack of jurisdiction to detain an Indian"); *Kirk I*. Petitioner's "claim that the state court lacked jurisdiction over him is an attack on his conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). Therefore, a petition under § 2254 is "the proper avenue" for such an attack. *Id*. The Court could liberally construe the Petition and recharacterize it as one brought under § 2254, but the Court would lack jurisdiction to hear any such § 2254 petition.

**B. The Court lacks jurisdiction to hear a second or successive § 2254 petition.**

A petitioner must "move in the [Tenth Circuit] for an order authorizing the district court to consider" a second or successive § 2254 habeas petition "before" filing the petition "in the district court." *See* 28 U.S.C. § 2244(b)(3)(A). This statutory requirement is jurisdictional. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

Petitioner unsuccessfully sought § 2254 habeas relief from his 2001 Oklahoma County sentence in this Court more than two decades ago. *Kirk I*. To file a second or successive habeas petition, Petitioner must request and receive authorization from the Tenth Circuit. Petitioner makes no indication that he has done so. So, the Court lacks jurisdiction to entertain Petitioner's habeas corpus petition and the Court should dismiss it without prejudice. *See Young v. Wyo. Dep't of Corr.*, 2025 WL 1014236, at *1 (10th Cir. Apr. 4, 2025) ("If a prisoner files a second or successive habeas application without first obtaining authorization, the district court lacks jurisdiction to hear it." (citing *In re Cline*, 531 F.3d at 1251)); *see also Dopp v. Martin*, 750 F. App'x 754, 758 (10th Cir. 2018) (upholding district court's dismissal for lack of jurisdiction of petitioner's "fourth § 2254 application attacking the same judgment").

**C. The Court should dismiss the habeas corpus petition, rather than transfer it to the Tenth Circuit Court of Appeals.**

A district court may either dismiss or transfer an unauthorized second or successive § 2254 habeas application. *In re Cline*, 531 F.3d at 1252. If a district court determines that it lacks jurisdiction, it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought." 28 U.S.C. § 1631. Factors the Court considers "in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper

forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *In re Cline*, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . for authorization." *Id.* at 1252; *see also Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

The Tenth Circuit will grant authorization "only if [petitioner] is able to demonstrate that he has new claims" that meet the statutory requirements of 28 U.S.C. § 2244(b). *Johnson v. Allbaugh*, 742 F. App'x 395, 396 n.2 (10th Cir. 2018). First, the claim must not have been raised in any prior § 2254 petition. 28 U.S.C. § 2244(b)(1). Second, the new claim must rely (1) "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) on facts "that could not have been discovered previously through the exercise of due diligence" and that "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2)(A)-(B). Petitioner bears the burden of showing that the statutory requirements are met. *Id.*

Petitioner has not met this burden. Petitioner does not allege a new rule of constitutional law, nor does he identify any new facts that would establish his innocence. Rather, he claims that the State of Oklahoma lacked jurisdiction to prosecute him because he is "not a citizen of the U.S. or it's states." Doc. 1 at 6. Because Petitioner's petition does not meet the statutory requirements for authorization, it would waste judicial resources to transfer this case to the Tenth Circuit. Therefore, the interests of justice do not require it.

## III. Recommendation and notice of right to object.

The undersigned recommends the Court dismiss Petitioner's habeas corpus petition without prejudice for lack of jurisdiction.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court **on or before September 29, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 8th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE