**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EUGENE KIRK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01834-JD |
| | ) | |
| KELLEY DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Suzanne Mitchell. [Doc. No. 10]. Petitioner objected. [Doc. No. 13]. For the reasons outlined below, the Court overrules Petitioner's objections, accepts the R. & R., and dismisses the Petition without prejudice [Doc. No. 1] for lack of jurisdiction.

Petitioner Eugene Kirk is an Oklahoma state prisoner, appearing pro se. [Doc. No. 1]. He brings this case pursuant to 28 U.S.C. § 2241 seeking habeas corpus relief from his state court convictions and sentences. [*Id.*]. The Court referred the case to Judge Mitchell for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4].

The R. & R. screened the Petition and recommends that the Court dismiss it for lack of jurisdiction. [Doc. No. 10 at 8].

First, the R. & R. determined that Petitioner improperly brought the Petition under § 2241, which is "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." [*Id.* at 4 (quoting *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011))]. The R. & R. examined the Petition and concluded that it

does not challenge the execution of his sentence but the validity of his underlying state court convictions. [*Id.* at 5].

Second, the R. & R. concluded that, if it liberally construes the Petition as one brought under § 2254, the Court lacks jurisdiction to hear a § 2254 petition in this case. [*Id.* at 5–6]. Petitioner already sought § 2254 habeas relief and must receive authorization from the Tenth Circuit to file a second § 2254 petition. [*Id.* at 6]. Because Petitioner has not demonstrated he has requested and received such authorization, the R. & R. recommends that the Court dismiss his Petition for lack of jurisdiction. [*Id.*].

Lastly, the R. & R. concluded that the Court should dismiss the Petition, rather than transfer it to the Tenth Circuit, because Petitioner has not met his burden of demonstrating he has met the statutory requirements for authorization. [*Id.* at 7–8].

The R. & R. advised Petitioner of his right to object to the R. & R. by filing an objection with the Clerk of Court by September 29, 2026, and explained that failure to timely object to the R. & R. waives appellate review of the recommended ruling. [*Id.* at 8 (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))]. Petitioner filed timely objections. [Doc. No. 13].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that

the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore*, 950 F.2d at 659 ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). The Court will construe Petitioner's objections liberally because he is proceeding *pro se*, but the Court cannot serve as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In Petitioner's objections, he states that he is entitled to pursue a claim under § 2241, via the savings clause of § 2255, and cites *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011). [Doc. No. 13 at 2]. In *Prost*, the Tenth Circuit explained that "§ 2255(e) includes a so-called 'savings clause' which sometimes allows a federal prisoner to resort to § 2241 to challenge the legality of his detention, not just the conditions of his confinement." 636 F.3d at 581. "To fall within the ambit of savings clause and so proceed to § 2241, a prisoner must show that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Id.* (alteration in original) (quoting 28 U.S.C. § 2255(e)).

However, Petitioner is not a "federal prisoner" proceeding under the "savings clause" in § 2255(e). [*See* Doc. No. 1]. Thus, contrary to his attempt to apply it to his Petition through his objections, *Prost* and the savings clause in § 2255(e) do not apply. [*See* Doc. No. 13 at 1–2].

Petitioner does not object to the R. & R.'s conclusions that he has not shown that he is entitled to a second petition under § 2254 or that he has not demonstrated that the Court should transfer his case to the Tenth Circuit. Construing his objections liberally,

they seem to hinge solely upon his argument that he should be able to proceed under § 2241. But Petitioner's objections do not identify factual or legal error in the R. & R., nor do they demonstrate he is legally entitled to proceed under § 2241.

Consequently, for the reasons outlined above, the Court OVERRULES Petitioner's objections, ACCEPTS the R. & R., and DISMISSES Petitioner's Petition without prejudice. The Court denies a certificate of appealability to the extent it is necessary to do so. A separate judgment will follow.

In light of this order, the Court also denies Petitioner's pending motions as moot. [Doc. Nos. 9, 11, 12].

IT IS SO ORDERED this 24th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE